UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| C.Y., a minor, by and through his Guardian ad Litem, BRIDGET YOUNG,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SUTTER MEDICAL GROUP, et al.,<br><br>　　　　　Defendants. | No. 2:25-cv-1351 WBS JDP<br><br><br>ORDER RE: PLAINTIFF'S MOTION<br>FOR AN INDICATIVE RULING |
| SUTTER VALLEY HOSPITALS dba SUTTER DAVIS HOSPITAL,<br><br>　　　　　Cross-Complainant,<br>　　v.<br><br>THE UNITED STATES,<br><br>　　　　　Cross-Defendant. | |

----oo0oo----

On January 9, 2026, this court granted the United States' motion to dismiss (Docket No. 11), finding that the

1

derivative jurisdiction doctrine precluded adjudicating the state-law and federal claims together in this action.  (Docket No. 24.)  The court certified its order for interlocutory appeal to determine whether the doctrine applied, and the case was stayed pending the outcome of that appeal.  (Id.)

Plaintiff now moves for an indicative ruling under Federal Rule of Civil Procedure 62.1(a), so that he may "request that the Clerk of the Court of Appeals remand[] the matter" to this court "for the limited purpose" of severing and remanding plaintiff's state-law claims.  (Docket No. 33 at 4.)[1]

"The Federal Rules of Civil Procedure provide that '[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.'"  Harper v. Charter Commc'ns, LLC, No. 2:19-cv-00902 WBS DMC, 2024 WL 3901469, at *1 (E.D. Cal. Aug. 22, 2024); Fed. R. Civ. P. 62.1(a).  "[T]he purpose of Rule 62.1[(a)] is to promote judicial efficiency and fairness."  Id.  "'Indicative rulings' are incredibly rare, and a district court should only issue them in extraordinary circumstances."  C.Q. v. River Springs Charter Schs., No. 18-cv-1017 SJO SHK, 2018 WL 7461689, at *2 (C.D. Cal. Nov. 27, 2018).

An indicative ruling is plainly unwarranted here.  The

---

[1]    Pursuant to Local Rule 230(g), the court finds the motion suitable for decision on the papers without the need for oral argument and vacates the hearing on this motion which was scheduled for July 6, 2026.

court certified its prior order for interlocutory appeal because "the result of an appeal . . . could avoid the need for conducting a separate trial." (Docket No. 24 at 11.) Plaintiff now asks this court to effectively resolve the very issue before the Ninth Circuit: whether severing plaintiff's state-law claims is proper. (Docket No. 33 at 2.) Granting plaintiff's request would thus pave the way for a separate trial, defeating the purpose of this court's certification. Plaintiff confirms as much in conceding that he may proceed in state court if "the Ninth Circuit agrees with his contentions," an outcome that would render the instant motion pointless. (Docket No. 36 at 2.)

"An indicative rul[ing] on the very issue on appeal would not promote judicial efficiency and fairness," particularly when such a ruling could result in separate actions that ultimately prove unnecessary. Amarin Pharms. Ireland Ltd. v. Food & Drug Admin., 139 F. Supp. 3d 437, 447 (D.D.C. 2015). The Ninth Circuit's forthcoming decision should resolve whether the claims in this action must proceed separately, and "Rule 62.1 was not meant to authorize the district court to provide unsolicited advice to the court of appeals" on that question. Id. Nor does plaintiff identify any extraordinary circumstances or intervening authority that would otherwise justify an indicative ruling.

IT IS THEREFORE ORDERED that plaintiff's motion for an indicative ruling (Docket No. 33) be, and the same hereby is, DENIED.

Dated:  June 29, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3